IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS S. BROWN, | |
| Plaintiff, | |
| v. | HONORABLE JEROME B. SIMANDLE |
| THELMA BROWN, | Civil Action<br>No. 16-4549 (JBS/KMW) |
| Defendant. | |
| | **MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

Plaintiff Thomas S. Brown (hereinafter, "Plaintiff") filed a Complaint against his ex-wife, Thelma Brown (hereinafter, "Defendant") alleging violations of various federal statutes arising from his divorce proceedings in Cumberland County Family Court.[1] For the following reasons, the Court will dismiss the Complaint for lack of jurisdiction.

1. In his Complaint, Plaintiff alleges violations of violations of (1) the Social Security Act of 1935, 42 U.S.C. (2) 38 U.S.C. § 5301, the "Nonassignability and Exempt Status of Benefits" and (3) the "Veterans Disability Protection Act of

---

[1] The New Jersey Superior Court, Appellate Division aptly describes the background of the divorce proceeding in Brown v. Brown, No. FM-06-144-05, 2016 WL 2350323, at *1-3 (App. Div. May 5, 2016).

2010." (VDPA).² (Compl. at 2.)³  Plaintiff generally alleges that his 2006 divorce trial "was neither fair nor legal" because his federal rights had not been considered or applied to his case. (Id. at 5.)  Plaintiff alleges that his Social Security Disability payments have been garnished since 2014, but that there have been errors in calculation of monies due. (Id. at 4.) Plaintiff also states that his divorce case should have been tried in federal court instead of in Cumberland County Family Court because federal issues were "involved in [his] case." (Id.)  In terms of relief, Plaintiff "would like the [divorce] case researched and reexamined and calculated fairly, and the order existing now, re-examined, and done fairly." (Id. at 7.) Plaintiff further explains that he would like "any and all overpayments over the years returned to [him]." (Id.)

    2.    Defendant filed what the Court will construe as a motion to dismiss explaining that "[t]his case has been brought to court and heard in the Superior Court of New Jersey since 2003, 2006, 2007, etc.  The Complaint was brought in the Appelate [sic] Court of New Jersey the last time in 2015, and the judge denied his claim and ordered Mr. Brown to pay."

---

² The Court is unaware of any legislation called the "Veterans Disability Protection Act of 2010." However, Plaintiff may be referring to the "Veterans' Benefits Act of 2010," Pub.L. No. 111-275 (2010).

³ Plaintiff asserts federal question jurisdiction under 28 U.S.C. § 1331. (Compl. at 2.)

[Docket Item 7.] The Court has also received two letters from Plaintiff regarding the status of his case. [Docket Items 8 and 9.]

3. Federal courts are courts of limited jurisdiction. Thus, a federal court shall presume lack of jurisdiction, and the party seeking to invoke the court's jurisdiction bears the burden of proving that subject matter jurisdiction exists. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). The court is obligated to test subject matter jurisdiction sua sponte. See Bracken v. Matgouranis, 296 F.3d 160, 162 (3d Cir. 2002) ("Court has a continuing obligation to sua sponte raise the issue of subject matter jurisdiction."); see also Morel v. INS, 144 F.3d 248, 251 n. 3 (3d Cir. 1998) (citation omitted)( "A federal court . . . will raise lack of subject-matter jurisdiction on its own motion.").

4. Plaintiff's Complaint is barred by the Rooker-Feldman doctrine, which precludes federal district courts from reviewing the decisions of state courts. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). Federal district courts lack jurisdiction to hear appeals from civil judgments of state courts. Only the Supreme Court can "reverse or modify" state court judgments. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284-85 (2005) (citing Rooker, 263 U.S. at 416).

There are four requirements that must be met for the Rooker-Feldman doctrine to apply: (1) the federal plaintiff lost in state court; (2) the plaintiff "complain[s] of injuries caused by [the] state-court judgments"; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments. Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010)(quoting Exxon, 544 U.S. at 284)).

    5.    Here, all four requirements of Rooker-Feldman are met. Plaintiff is asking the Court to reexamine and recalculate his divorce payments decided in Cumberland County Family Court.[4] His divorce case has been fully adjudicated in state court, including the issues of garnishing his Social Security Disability benefits as well as his veterans' benefits. Furthermore, he filed this case in July 2016 after the Appellate Division rendered its decision in May 2016. [Docket Item 1.] As

---

[4] See Brown v. Brown, No. FM-06-144-05, 2009 WL 1097928 at *1 (App. Div. Apr. 24, 2009)(dismissing Plaintiff's appeal from the Final Amended Judgement of Divorce and affirming the dismissal of Plaintiff's motion to exclude disability benefits from income); Brown v. Brown, No. FM-06-144-05, 2011 WL 6537 (App. Div. May 25, 2010)(affirming the motion judge's determination that a termination of alimony was not warranted); Brown v. Brown, No. FM-06-144-05, 2016 WL 2350323, at *1 (App. Div. May 5, 2016)(holding that Plaintiff had not shown a sufficient material change in circumstances to eliminate or further reduce his alimony).

4

a result, the Rooker-Feldman doctrine bars Plaintiff's Complaint. See DeSantis v. Franklin, 160 F. App'x 237 (3d Cir. 2005) (dismissing a former husband's lawsuit under Rooker-Feldman, since the husband's claims related to state court divorce proceedings and granting the requested relief would allow him to use federal courts to appeal a state court judgment); Acrivos v. Vaskov, 216 F. App'x 224, 224-25 (3d Cir. 2007)(affirming order dismissing complaint concerning state court divorce proceeding under Rooker-Feldman doctrine).  While Plaintiff may disagree with the Family Court and Appellate Division's reasoning, he cannot simply appeal the decisions to federal court.  Thus, this Court is without jurisdiction to hear Plaintiff's Complaint.

6.   Even assuming the Court had jurisdiction over Plaintiff's claims, he fails to state a claim under 12(b)(6), Fed. R. Civ. P.  Plaintiff argues that he recently "learned that Federal Issues such as Social Security, Service connected disability [sic] Compensation have to be brought before a Federal Court." (Compl. at 1.)  But state courts also have the power to decide issues of federal law unless Congress has vested exclusive jurisdiction in the federal courts over the matter. See Tafflin v. Levitt, 493 U.S. 455, 459 (1990)(holding that state courts have concurrent jurisdiction over RICO cases). Moreover, the court in Brown v. Brown, No. FM-06-144-05, 2011 WL

6537 at *3-4 (App. Div. May 25, 2010) explicitly addressed Plaintiff's claims under 42 U.S.C. § 407 regarding the inclusion of Social Security Disability benefits for the purposes of calculating alimony, and correctly concluded that 42 U.S.C. § 659(a) allows these benefits to be included when "enforc[ing] the legal obligation of the individual to provide child support or alimony."[5] Plaintiff's Complaint also refers generally to 38 U.S.C. § 5301(a) and the Veterans' Benefit Act of 2010 to support his contention that Defendant improperly included disability compensation payments in calculating alimony. (Compl. at 3.) Although veterans benefits have been exempted from taxation and creditors' claims, see 28 U.S.C. § 5301(a)(1), the United States Supreme Court has concluded in a similar context that § 5301(a) does not prevent a state from considering such benefits to calculate child support payments. Rose v. Rose, 481 U.S. 619, 630-634 (1987); see also Case v. Dubaj, No. 08-347, 2011 WL 3806291, at *4 (W.D. Pa. Aug. 29, 2011)("[T]the majority of courts that have considered the issue have agreed

---

[5] Plaintiff also vaguely claims that his Fourteenth Amendment rights under the U.S. Constitution were violated. (Compl. at 2). While Rooker-Feldman does not bar a suit for violation of substantive and procedural due process, see B.S. v. Somerset Cnty., 704 F.3d 250 (3d Cir. 2013), Plaintiff states no facts indicating that his procedural and/or substantive due process rights were violated in any way. As a result, the Court will dismiss Plaintiff's Fourteenth Amendment claim under Rule 12(b)(6), Fed. R. Civ. P.

6

with Rose that veterans' disability benefits are not exempt from claims for alimony, spousal support and child support."); Sayers v. Powell, No. 14-385, 2015 WL 3766205, at *2 (W.D. Va. June 16, 2015)("Courts have ruled differently, however, on the effect of § 5301(a) in state court garnishment proceedings seeking funds to cover support claims by the veteran's family members."); Riley v. Riley, 82 Md. App. 400, 410 (1999)(noting that VA benefits may be considered as a resource for purposes of setting alimony award).  As a result, Plaintiff's contention that Defendant violated of federal law by considering his veterans disability benefit in calculating alimony lacks merit.

7.   An accompanying Order will be entered.


**May 4, 2017**                             **s/ Jerome B. Simandle**
Date                                        JEROME B. SIMANDLE
                                            Chief U.S. District Judge